UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-80788-RYSKAMP-VITUNAC

ERIC WILSON, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

THD AT-HOME SERVICES, INC.,
A Florida corporation,

    Defendant.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Eric Wilson and defendant THD At-Home Services, Inc., ("At-Home Services") seek approval of their attached settlement agreement regarding plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and entry of a stipulated judgment. The settlement will resolve all of plaintiff's pending claims, and it will also dismiss the collective action allegations. Because plaintiff's action and claims arise under the FLSA, the parties' settlement must be approved by the Court and approval must be entered as a stipulated judgment.

I.    BACKGROUND

Plaintiff Eric Wilson worked as a window sales consultant for At-Home Services in the Miami/Broward County area from August 13, 2007 until December 5, 2008. On May 26, 2009, plaintiff filed this lawsuit, alleging that At-Home Services had improperly classified him as

exempt from federal overtime requirements.[1]  (Docket no. 1.)  Plaintiff sought unpaid overtime compensation, liquidated damages and/or pre-judgment interest, attorneys' fees, costs, expenses, and any other relief deemed proper by this Court.  (*Id.*)  At-Home Services contends plaintiff was properly classified and expressly denies any wrongdoing.  (Docket no. 15.)

Both parties have conducted factual investigations regarding plaintiff's claims.  They have commenced the discovery process, and they have complied with the document exchange directives contained in the Court's June 2, 2009 FLSA Scheduling Order (Docket no. 3).  Both parties are represented by attorneys specializing in employment law, and the parties' counsel have engaged in multiple arms-length negotiations regarding the merits of plaintiff's claims.  Thereafter, on September 3, 2009, the parties reached a settlement agreement in principle.  Per the Court's October 26, 2009 Order, an unredacted copy of the executed settlement agreement is attached hereto as Exhibit A.

II.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

A district court may approve an FLSA settlement between private litigants by entering a stipulated judgment after scrutinizing the settlement for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  In making its fairness determination, the court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id*. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues … that are actually in dispute," the district court may then "approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354.

---

[1] Plaintiff originally filed this lawsuit as a collective action under section 216(b) of the FLSA, but he has not pursued those claims.

The parties' settlement is a fair and reasonable resolution of their dispute. The parties have engaged in arms-length settlement negotiations and have reached an agreement in good faith. Although both parties believe their respective positions are meritorious, they have taken into account the uncertainty and risks in litigation. The parties have considered the potential value of plaintiff's claims, the plaintiff's short tenure as an At-Home Services' employee, and the costs of continued litigation. The parties have therefore concluded that it is in their mutual interest to resolve the litigation pursuant to the terms of their jointly-negotiated settlement agreement.

III.   CONCLUSION

Therefore, the parties jointly and respectfully request that this Court approve their settlement agreement as fair and reasonable, and enter an order of dismissal with prejudice and stipulated judgment.

DATED:  October 28, 2009

                                    Respectfully submitted,

| s/Christopher J. Whitelock | s/Susan N. Eisenberg |
|---|---|
| Christopher J. Whitelock, Esq. | Susan N. Eisenberg, Esq. |
| Fla. Bar No. 067539 | Florida Bar No. 600393 |
| cjwhitelock@bellsouth.net | susan.eisenberg@akerman.com |
| WHITELOCK & ASSOCIATES, P.A. | AKERMAN SENTERFITT |
| 300 Southeast Thirteenth Street | 1 S.E. 3rd Avenue, 28th Floor |
| Fort Lauderdale, FL 33316 | Miami, FL 33131 |
| Telephone: (954) 463-2001 | Tel: (305) 374-5600 |
| Facsimile: (954) 463-0410 | Fax: (305) 374-5095 |
| | |
| Chad E. Levy | Joel M. Cohn (*pro hac vice*) |
| Fla. Bar No. 0851701 | jcohn@akingump.com |
| chad@levylevylaw.com | Joshua B. Waxman (*pro hac vice*) |
| LEVY & LEVY, P.A. | jwaxman@akingump.com |
| 300 Southeast Thirteenth Street | Kelly A. Smith (*pro hac vice*) |
| Fort Lauderdale, FL 33316 | kasmith@akingump.com |
| Telephone: (954) 763-05722 | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Facsimile: (954) 763-5723 | 1333 New Hampshire Ave., N.W. |
| | Washington, D.C. 20036 |
| | Tel: (202) 887-4000 |
| | Fax: (202) 887-4288 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for defendant THD At-Home Services, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Motion for Telephonic Fairness Hearing Regarding Settlement Agreement was electronically filed with the Clerk of the Court using CM/ECF this 28th day of October, 2009.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

    _s/Susan N. Eisenberg_____
    Susan N. Eisenberg, Esq.

**SERVICE LIST**
**CASE NO. 09-CV-80788-Ryskamp-Vitunac**

Christopher J. Whitelock, Esq.
Fla. Bar No. 067539
cjwhitelock@bellsouth.net
WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, FL 33316
Telephone: (954) 463-2001
Facsimile: (954) 463-0410

Chad E. Levy
Fla. Bar No. 0851701
chad@levylevylaw.com
LEVY & LEVY, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, FL 33316
Telephone: (954) 763-05722
Facsimile: (954) 763-5723

Susan N. Eisenberg, Esq.
Fla. Bar No. 600393
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (facsimile)

Joel M. Cohn (*pro hac vice*)
jcohn@akingump.com
Joshua B. Waxman (*pro hac vice*)
jwaxman@akingump.com
Kelly A. Smith (*pro hac vice*)
kasmith@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 200036
(202) 887-4000
(202) 887-4288 (facsimile)