# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into this 22 day of September 2009, by and between Eric Wilson ("Wilson") and THD At-Home Services, Inc. ("At-Home Services"), and on behalf of its past and present parents, subsidiaries, affiliates, officers, directors, agents, and employees.

2. <u>Non-Admission</u>. This Agreement does not constitute an admission by At-Home Services of any violation of any law or statute, and the parties agree that neither this Agreement nor the furnishing of consideration hereunder shall be deemed or construed for any purpose as evidence of or an admission of liability or wrongful conduct of any kind by At-Home Services.

3. <u>The Litigation</u>. Wilson filed the action entitled *Wilson v. THD At-Home Services, Inc.*, Case No. 9:09-CV-80788, in the United States District Court for the Southern District of Florida on May 27, 2009. Wilson and At-Home Services desire fully and finally to resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Wilson against At-Home Services relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Wilson represents that he has no knowledge of any other charges, actions, or claims that are pending on his behalf against At-Home Services, other than those set forth in the litigation.

4. <u>Joint Motion for Judicial Approval and Withdrawal of Charge</u>. After execution of this Agreement by the parties and their attorneys, Wilson and At-Home Services will file with the Court a joint motion seeking approval of this Agreement together with a proposed order and judgment dismissing the lawsuit with prejudice. The parties and their attorneys agree to cooperate in good faith in taking any necessary actions to obtain final approval of the Agreement, and to implement the terms and conditions of the Agreement. The parties further agree to take all reasonable steps to preserve the confidentiality of this Agreement, including, but not limited to, requesting that Court files regarding the settlement be sealed or that the Court conduct a fairness and approval hearing without requiring the parties to submit this settlement agreement on the public record.

5. <u>Payment to Wilson</u>. In consideration for signing this Agreement and the fulfillment of the promises herein, At-Home Services agrees to pay Wilson the total sum of ten thousand dollars ($10,000), as allocated below. This payment is inclusive of all claims for attorney's fees, costs and expenses. The payment shall be made within fourteen (14) business days after the revocation period specified in paragraph 23 below, provided that, at the beginning of the revocation period, (1) the signed agreement is returned to At-Home Services by Wilson and his attorneys and (2) Wilson and his attorneys sign the At-Home Services issued W-9 forms and return them to At-Home Services. The $10,000 payment shall be allocated as follows:

   (a) <u>Payment to Wilson for Claims of Lost Wages</u>. At-Home Services agrees to pay Wilson, as payment for claims for lost wages, the sum of twenty-five hundred dollars ($2,500), from which all deductions and withholding required by law will be made.

1

(b) <u>Payment to Wilson for Claims of Liquidated Damages</u>. At-Home Services further agrees to pay Wilson, as payment of his claims for liquidated damages, the sum of twenty-five hundred dollars ($2,500). At-Home Services will report this payment on an IRS Form 1099 issued to Wilson.

(c) <u>Payment of Attorney's Fees</u>. At-Home Services agrees to pay five thousand dollars ($5,000) to the Whitelock & Associates, P.A. Law Firm, as and for attorney's fees, expenses, and costs incurred in handling this lawsuit on behalf of Wilson.

The above payment(s) shall be inclusive of all claims for attorney's fees and expenses.

6. <u>Sole Consideration.</u> Wilson agrees that the foregoing payment shall be the only money or other consideration provided to him or his attorneys under this Agreement or in connection with the settlement of the litigation, and that he is not entitled to any further consideration from At-Home Services. Wilson agrees that he will not seek any further recovery or compensation from At-Home Services for any other claimed damages, costs, or attorney's fees in connection with the litigation, or any other events or circumstances that existed or occurred prior to the execution of this Agreement.

7. <u>Withdrawal of Claims</u>. Before receiving the payment specified in paragraph 6, Wilson agrees to immediately cease prosecution of the litigation and to cause the claims in the lawsuit to be dismissed with prejudice, each party to bear its own attorney's fees and costs except as provided in paragraph 5.

8. <u>Waiver and Release of Claims</u>. Wilson and on behalf of his descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally, and forever releases and discharges At-Home Services from any and all claims and rights of any kind that Wilson may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Wilson's employment by At-Home Services as of the date this Agreement is executed. The claims released include, but are not limited to, all claims under any federal, state, local or municipal statutory or common law concerning or relating to payment of unpaid wages and related penalties, interest, costs, attorney's fees, compensatory damages, punitive damages, and any other remedies available at law or equity, including, but not limited to, claims under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) and all Florida state laws pertaining to the payment of wages or compensation of any nature, including but not limited to salary, hourly pay, commissions, bonuses, overtime compensation, the amount of pay, the timing, means, or manner of payment, or the employee's hours of work, including compensation for time allegedly worked. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, complaints, causes of action, or demands raised or that could have been raised by Wilson against At-Home Services, including, but not limited to, any claims arising under or based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 168, *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*; the Equal Pay Act, 29 U.S.C. §

2

206; the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq.*; the Older Workers Benefit Protection Act, 29 U.S.C. §623, *et seq.*; Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*; the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11; applicable Workers' Compensation Laws, any federal or state constitutions; and any and all claims pursuant to federal, state or local statute or ordinance; or any and all claims pursuant to contract, quasi contract, common law or tort. Wilson represents that he knows of no claim that is not released by this paragraph.

9. <u>Non-Interference</u>. Nothing in this Agreement shall interfere with Wilson's right to file a charge, cooperate, or participate in an investigation or administrative proceeding conducted by the EEOC or state Fair Employment Practices Agency, or other federal or state regulatory or law enforcement agency. However, the consideration provided to Wilson in this Agreement will be the sole relief provided to Wilson for his released claims, and Wilson will not be entitled to recover and agrees to waive any monetary benefits or recovery against At-Home Services in connection with any such claim, charge, or proceeding without regard to who has brought such complaint or charge.

10. <u>Non-Disclosure.</u> Wilson and his attorneys agree not to disclose the fact or terms of this Agreement, the circumstances giving rise to this Agreement, or the existence of any claim that is subject to the release of claims contained in this Agreement to anyone except his spouse, attorneys, personal accountants, and in response to a court issued subpoena or order or as otherwise required by law. Wilson agrees to notify immediately the At-Home Services legal department upon receipt of such a court order or subpoena. Should Wilson disclose any information about this Agreement to any of the above individuals, he will advise them that they must maintain the strict confidentiality of such information and not disclose it unless required by law. Wilson may disclose only that the matter has been dismissed if he is asked about this action. Wilson agrees that any non-verbal gestures indicating that At-Home Services has paid a monetary amount to resolve his claims would violate Wilson's non-disclosure obligations. If Wilson is compelled by subpoena or order to provide information covered by this paragraph, he agrees to notify immediately At-Home Services through Joel M. Cohn at Akin Gump Strauss Hauer & Feld LLP.

11. <u>Payment of Applicable Taxes</u>. Wilson is and will be solely responsible for all federal, state, and local taxes that may be owed by Wilson by virtue of the receipt of the monetary payment provided under this Agreement. Wilson agrees to indemnify and hold At-Home Services harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other government agency regarding any tax obligations that may arise from the consideration provided to Wilson under this Agreement.

12. <u>Assistance to At-Home Services</u>. Wilson agrees to cooperate with At-Home Services to provide all truthful information that At-Home Services may thereafter reasonably request with respect to matters involving Wilson's former relationship with At-Home Services, the work Wilson has performed for At-Home Services, or present or former employees or customers of At-Home Services, so long as any such requests do not unreasonably interfere with any other

3

job in which Wilson is engaged. At-Home Services agrees to reimburse Wilson for all reasonable out-of-pocket costs he incurs in connection with such matters.

13. <u>Transfer of Claims</u>. Wilson warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim. Wilson agrees to indemnify and hold At-Home Services harmless against any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, attorney fees, causes of action or judgments based on or arising out of any such transfer or assignment. Wilson further warrants that there is nothing that prohibits him from entering into this Agreement.

14. <u>No Future Employment</u>. Wilson agrees and recognizes that his employment relationship has been permanently and irrevocably severed, and that he is not suited for any position with At-Home Services because of irreconcilable differences with At-Home Services. Wilson understands and agrees that he will not be re-employed by the At-Home Services in the future and that he will never apply to the At-Home Services, its parent corporation, subsidiaries, affiliates, or divisions for any position in the future. Wilson agrees that if he applies for a position and is offered or accepts a position with At-Home Services, its parent corporation, subsidiaries, divisions or affiliates, the offer may be withdrawn and he may be terminated without notice, cause, or legal recourse.

15. <u>Non-Disparagement and Incitement of Claims.</u> Wilson agrees that he will not make or cause to be made any statements that disparage or damage the reputation of At-Home Services, including, but not limited to, statements to the media, public interest groups, or publishing companies. Wilson also agrees not to encourage or incite other current or former employees of At-Home Services to disparage or assert any claim or initiate any legal proceeding against At-Home Services. If any of the provisions of this paragraph are violated as determined by the Court, it will be considered a material breach of the terms of this Agreement and Wilson will be required to reimburse At-Home Services $2,500 of the amount paid under this Agreement.

16. <u>No Prevailing Party</u>. Neither At-Home Services nor Wilson will be considered a prevailing party for any purpose.

17. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Wilson and At-Home Services with respect to all disputes or claims that Wilson has, or could have had, against At-Home Services as of the date this Agreement is executed, and supersedes all other agreements between Wilson and At-Home Services with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Wilson and At-Home Services.

18. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Wilson that is not invalid.

19. **<u>Wilson's Acknowledgment</u>. Wilson acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that he enters**

into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Wilson further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that he understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Wilson acknowledges that he has: (a) consulted with or has had the opportunity to consult with an attorney of his own choosing concerning this Agreement and has been advised to do so by At-Home Services; and (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his counsel's advice. Wilson acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Wilson acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been provided by At-Home Services, including but not limited to, retirement benefits.

20. Headings. The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21. Choice of Law. This Agreement is to be interpreted pursuant to the laws of Florida, except where the application of federal law applies.

22. Twenty-One Day Consideration Period. Wilson acknowledges that he has been given a period of at least 21 days to consider the terms of this Agreement and, if he should execute it before the expiration of the 21 day consideration period, knowingly waives his right to consider this Agreement for 21 days.

23. Seven-Day Revocation Period. Wilson acknowledges that he may, for a period of seven days following the execution of this Agreement, revoke acceptance thereof. This revocation must be done in writing and delivered to Joel M. Cohn of Akin Gump Strauss Hauer & Feld LLP before the close of business on the eighth day. This Agreement shall not become effective until the expiration of this seven-day revocation period.

ERIC WILSON                                      THD AT-HOME SERVICES, INC.

_____                _____
Date: September 21, 2009                         Title: Senior Counsel

                                                 Date: September ___, 2009

[Signatures continued on next page]

REVIEWED AS TO FORM AND CONTENT:

Date: September 22, 2009

Date: ~~September~~ October 12, 2009

LAW OFFICES OF LEVY & LEVY, P.A.

By: _____
Chad E. Levy

Attorney for Plaintiff
ERIC WILSON

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Joel M. Cohn

Attorney for Defendant
THD AT-HOME SERVICES, INC.